MUNICIPAL PUBLIC TRUST INDUSTRIAL AUTHORITY A municipal public trust industrial authority created pursuant to 60 O.S. 176 [60-176] (1971) et seq., may operate outside the geographic boundaries of the beneficiary municipality and within the boundaries of another municipality. The Attorney General has received your request for an opinion wherein you ask, in effect, the following questions: 1. Can an industrial authority, which is a municipal trust created pursuant to 60 O.S. 176 [60-176] (1971) et seq., operate outside the boundaries of the beneficiary municipality? 2. If the answer to the first question is in the affirmative, can such an industrial authority operate within the boundaries of another municipality? Title 60 O.S. 176 [60-176] (1971), reads in pertinent part as follows: " a Express trusts may be created in real or personal property, or either or both, or in any estate or interest in either or both, with the State, or any county, municipality, political or governmental subdivision, or governmental agency of the state as the beneficiary thereof by the: (1) . . ." In rendering an opinion on these questions, the Local Industrial Development Act, codified as 62 O.S. 651 [62-651] (1971) et seq., must also be considered. Section 62 O.S. 652 [62-652] of this act provides: "Any municipality and any county is hereby authorized to own, acquire, construct, re-construct, extend, equip, improve, maintain, sell, lease, contract concerning, or otherwise deal in or dispose of any lands, buildings, or facilities of any and every nature whatever that can be used in securing or developing industry within or near the municipality or county." It should be emphasized that these statutes complement the pro visions of Article X, Section 35, of the Oklahoma Constitution. Section (a) reads as follows: "Any incorporated town and any county may issue, by and with the consent of the majority of the qualified taxpaying voters of said municipality or county voting on the question at an election held for the purpose, bonds in sums provided by such majority at such election for the purpose of securing and developing industry within or near the said municipality holding the election, or within the county holding the election." It can, therefore, be seen that the above-quoted statutes and constitutional provision provide that an industrial authority can be created with a municipality as the beneficiary, and can obtain and develop property for such industry within or near said municipality. The only case found defining what the word "near" means in the context utilized herein is that of Sublett v. City of Tulsa, 405 P.2d 185 (1965), where in syllabus No. 12 the court used the following language: "The word 'near' as used in Sec. 35 is not a legal term and has no precise meaning as applied to space or distance; it is a relative term depending for signification upon subject matter in relation to which it is used and the circumstances under which it becomes necessary to apply it to surrounding objects or localities, and may be used to denote distances which within themselves differ widely." In the Sublett case the court allowed the City of Tulsa to acquire property and construct facilities pursuant to an industrial trust authority in excess of seven miles from the city limits and entirely in another county. See also Harrison v. Barton, 358 P.2d 211 (1960) wherein the court allowed the Oklahoma City Municipal Improvement Authority to go over 100 miles to construct a pipeline from the Atoka Reservoir to Oklahoma City. These cases are considered determinative of the issues raised in your first question and require that it be answered in the affirmative. Your second question raises the issue as to whether or not the above-cited statutes and constitutional provisions would allow a municipal industrial authority to operate an industrial trust within the boundaries of another duly incorporated municipality or city. The statutes and constitutional language "within or near" taken together indicate the intent of the legislature. The legislature anticipated and made provision for a city trust industrial authority going outside its geographic boundaries (or city limits). There being no specific restrictions on a city exceeding its geographic boundaries into only an unincorporated area, there would be no prohibition on a city exceeding its boundaries into an incorporated area. Therefore, it is the opinion of the Attorney General that your questions be answered in the affirmative. A municipal public trust industrial authority created pursuant to 60 O.S. 176 [60-176] (1971) et seq., may operate outside the geographic boundaries of the beneficiary municipality and within the boundaries of another municipality. (Mike D. Martin) ** SEE: OPINION NO. 75-299 (1975) **